07 CV 11330

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

NICKWARD TRADING S.A.,

Plaintiff,

- against -

E&I EUROPEAN IMPORT/EXPORT LTD. U.K. a/k/a
E&I EUROPEAN IMPORT/EXPORT LTD. and
E&I TRADING EUROPEAN IMPORT/EXPORT
LIMITED a/k/a E&I TRADING,

Defendants.

---------------------------------------------------------------X

07 Civ. ____

ECF CASE



### VERIFIED COMPLAINT

Plaintiff, NICKWARD TRADING S.A. ("Plaintiff"), by and through its attorneys,

Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, E&I

EUROPEAN IMPORT/EXPORT LTD. U.K. a/k/a E&I EUROPEAN IMPORT/EXPORT LTD.

("E&I") and E&I TRADING EUROPEAN IMPORT/EXPORT LIMITED a/k/a E&I TRADING

("E&I Trading") (hereinafter collectively referred to as "Defendants"), alleges, upon information

and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.  Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 et seq.,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation,

other business entity organized and existing under foreign law.



3.    Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities organized and existing under foreign law and are aliases and/or alter-egos of each other.

4.    At all material times, Plaintiff was the Owner of the motor vessel "SORMOVSKIY 119" (hereinafter the "Vessel").

5.    By a charter party dated October 19, 2007, Plaintiff chartered the Vessel to Defendant E&I. *Please find the charter party annexed hereto as Exhibit "1."*

6.    During the course of the charter, disputes arose between the parties regarding E&I's failure to pay detention at the load port of Azov due and owing to Plaintiff under the charter party contract. *See notice showing how detention calculated and invoice detailing amounts owed annexed hereto as Exhibits "2" and "3."*

7.    As a result of E&I's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $19,707.19, exclusive of interest, arbitration costs and attorneys fees.

8.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

9.    Despite due demand, E&I has failed and/or refused to pay the sums due and owing to Plaintiff.

10.    Therefore, Plaintiff is preparing to commence arbitration against Defendant(s) on its claim.

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $19,707.19 |
| B. | Interest on claims:<br>2 years at 5.5%, compounded quarterly | | $2,275.03 |
| C. | Estimated attorneys' fees and expenses: | | $5,000.00 |
| D. | Estimated arbitration costs: | | $7,000.00 |
| Total | | | $33,982.22 |

12.    Upon information and belief, "E&I TRADING EUROPEAN IMPORT/EXPORT LIMITED" is an alias of "E&I EUROPEAN IMPORT/EXPORT LTD." and their names are used interchangeably.

13.    Although "E&I EUROPEAN IMPORT/EXPORT" is the named charterer in the charter party, "E&I TRADING EUROPEAN IMPORT/EXPORT's" stamp is used to sign/verify the documents. *See Charter Party at Exhibit "1."*

14.    In the alternative, upon information and belief, E&I Trading is the alter-ego of E&I because it dominates and disregards E&I's corporate form to the extent that E&I Trading is actually carrying on E&I's business and operations as if the same were its own, or vice versa.

15.    Upon information and belief, E&I has no separate identity from E&I Trading.

16.    Upon information and belief, E&I Trading is registered in the U.K.

17.    However, no company with the name "E&I European Import/Export Ltd." could be found as part of Plaintiff's search to ascertain the Defendants' corporate status.

18.    In the further alternative, Defendants are partners and/or joint venturers.

19.    In the further alternative, Defendants are affiliated companies such that E&I Trading is now, or will soon be, holding assets belonging to E&I, or vice versa.

20.    The Defendants cannot be found within this District within the meaning of

3

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant(s).

21.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, *inter alia*, any assets of the Defendant(s) held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant(s), and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant(s), in the amount $33,982.22 calculated to date to secure the

4

Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and

pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

      D.      That this Court recognize and confirm any award(s) or judgment(s) rendered on

the claims set forth herein as a Judgment of this Court;

      E.      That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

      F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

      G.      That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: December 17, 2007
      New York, NY

                    The Plaintiff,
                    NICKWARD TRADING S.A.,

                By:_____
                Kevin J. Lennon
                Nancy R. Peterson
                LENNON, MURPHY & LENNON, LLC
                420 Lexington Ave., Suite 300
                New York, NY 10170
                (212) 490-6050 – phone
                (212) 490-6070 – fax
                kjl@lenmur.com
                nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York　)
　　　　　　　　　　)　ss.:　New York
County of New York )

1.　My name is Nancy R. Peterson.

2.　I am over 18 years of age, of sound mind, capable of making this
Verification, and fully competent to testify to all matters stated herein.

3.　I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the
Plaintiff.

4.　I have read the foregoing Verified Complaint and know the content;
thereof and believe the same to be true and accurate to the best of my knowledge, information
and belief.

5.　The reason why this Verification is being made by the deponent and not
by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now
within this District.

6.　The source of my knowledge and the grounds for my belief are the
statements made, and the documents and information received from, the Plaintiff and agents
and/or representatives of the Plaintiff.

7.　I am authorized to make this Verification on behalf of the Plaintiff.

Dated:　　　December 17, 2007
　　　　　　 New York, NY

　　　　　　　　　　　　　　　　Nancy R. Peterson

6

EXHIBIT "1"

IMO: 8838184, Class: KM(*)L4 (1.5P (SB2), B&R 1562,
Flag: Cambodia, Port of registry: Phnom-Penh ,
GRT: 1466, NRT: 984,
LOA/B/D: 112.20/43,88/5.50 m. LBP: 106.46 m. Draft 3.81 m.
DWT: 1316, DWCC: 1150, Sea speed 9.0 knots,
HATCH COVERS: "MOVING" TYPE, SIMULTANEOUS OPENING OF COVERS 50%
COVERS IN THE "MARRIED WAY" ARE MOVED WHERE NECESSARY.

| HOLDS | COAMINGS | HATCH COVERS | VOLUME |
|---|---|---|---|
| No1. 17,60x11,20-8,0x1,27 | 17,40x5,40x1,20 | 12,70x5,75 | 33'750 CBFT |
| No2. 19,8x11,20x4,27 | 14,10x5,40x1,20 | 18,30x9,75 | 40'400 CBFT |
| No3. 19,80x11,20x4,27 | 15,10x5,40x1,20 | 18,30x9,75 | 40'400 CBFT |
| No4. 18,10x11,20x4,27 | 14,10x9,40x1,20 | 14,30x9,73 | 37'600 CBFT |
| TOTAL GRAIN CAP: | | | 152'100 CBFT |

HEIGHT OF HOLDS IN HATCHWAY 5,47 m.
P&I: INGOSSTRAKH, H&M: INGOSSTRAKH
ALL DETAILS WOG

: SUBSTITUTE :

"ST.CLAIR" (Oushiy Type),IMO: 8956469,
KM(*) L4 3SP (RMRS),Built: 1976,
St.Vincent, Port of registry: Kingstown,
GRT: 2463, NRT: 979,
LOA/B/D: 106,00/14,80/5,0m. LBP: 103,00 m. Draft 3,26 m.
DWT: 3201, DWCC: 3061, Sea speed 9.0knots,
HATCH COVERS: "MC GREGOR" SIMULTANEOUS OPENING 2/4.

| HOLDS | COAMINGS | HATCH COVERS | VOLUME |
|---|---|---|---|
| No1. 18,66x12,88x4,00 | 15,60x10,90x1,20 | 15,83x11,16 | 37'528 CBFT |
| No2. 18,00x12,88x4,00 | 15,60x10,90x1,20 | 15,83x11,36 | 39'470 CBFT |
| No3. 18,00x12,88x4,00 | 15,60x10,90x1,20 | 15,83x11,16 | 39'470 CBFT |
| No4. 17,40x12,88x4,00 | 15,60x10,90x1,20 | 15,83x11,16 | 38'332 CBFT |
| TOTAL GRAIN CAP: | | | 154'800 CBFT |

HEIGHT OF HOLDS IN HATCHWAY-5,20m.
P&I: INGOSSTRAKH, H&M: INGOSSTRAKH
ALL DETAILS WOG

OR
AC  E&I. EUROPEAN IMPORT-EXPORT LTD. UK
MI  3100 MTS FOR SORMOVSKIY 119 /MIN 3060 MTS FOR ST.CLAIR  UP TO F-CC IN OWNERS OPTION OF WHEAT IN BULK ST # 45'.
IN  IV CASE UPTO DRAFT RESTRICTION
CA  O TO BE LOADED UNDER DECK ONLY IN ACCORDANCE WITH SHIP'S LOADING MANUALS AND STABILITY BOOKLET).
LO  PORT: 1 GSPB AAAA AZOV
DI  1 PORT: 1 GSPB AAAA NITI
L/C  31 OCT 2007 FOR SORMOVSKIY 119.
L/C  05 NOV 2007 FOR ST.CLAIR.
LO  1300 MTS PWWD 24 CONS HRS SANEX EIU; TIME FROM 1700 FRIDAY OR
A.D  PRECEDING LEGAL HOLIDAY UNTIL 0800 MONDAY OR A DAY FOLLOWING
MI  L HOLIDAY NOT TO COUNT AS LAYTIME EVEN IF USED
DE  1500 MTS PWWD 24 CONS HRS SSHEX EIU; TIME FROM 1700 FRIDAY OR
AI  PRECEDING LEGAL HOLIDAY UNTIL 0800 MONDAY OR A DAY FOLLOWING
LM  L HOLIDAY NOT TO COUNT AS LAYTIME EVEN IF USED
UP  ARRIVAL AT LOADPORT VSL WILL BE READY FOR LOADING AFTER DEBALLASTING
NO  TO BE TENDERED WWWW BY TELEX/CABLE/VHF/FAX BENDS W/I LC DATES, W/I OFFICE HRS.
AT  SANDWICH PORT OFFICE HOURS 0&M/05PM MON-FRI
AT  DADDING/DISCHARGING PORT(S) IF NOR TENDERED BEFORE NOON (INCLUDING), THEN TIME START TO COUNT PM
025  IF NOR TENDERED AFTER NOON, THEN TIME START TO COUNT 08AM NEXT WORKING DAY.

CHA  FREDERS





Page 1 of

- [illegible] OF [illegible] HOURS, WHICH OWNERS GRANT GRATIS. [illegible] THE [illegible] IS CUSTOMS CLEARED AFTER
- HOLIDAYS/WORKING HOURS TO BE AS PER IUMCO 2007 HOLIDAY CALENDAR APPLICABLE IN ALL THE COUNTRIES.
- LAYTIME NON REVERSIBLE
- RUSSIA HOLIDAYS CLAUSE: AT LOADING PORT IN CASE GOVERNMENT PERFORMS OFFICIAL TRANSFER ON A WORKING
  DAY TO A WEEK-END (SUNDAY OR SATURDAY), THEN SUCH DAY TO COUNT AS WORKING DAY.
- TIME FOR PROCEEDING FM ANCHORAGE TO BERTH/SHIFTING/PILOT AGN NOT TO COUNT AS LAYTIME
- IF VESSEL IS REQUIRED TO SHIFT BETWEEN TWO BERTHS AT LOAD A/O DISCHARGING PORT TIME IS TO COUNT AS
  LAYTIME. ALL SHIFTING EXPENSES TO BE FOR CHRTS' ACCT.
  BERTH WAITING COUNT AS LAYTIME BU
  FRT USD 32.00 PMT FIOST L/S/D SPOUT/GRAB TRIMMED
  FRT PAYABLE 100 PCT LESS COMMISSION WI 3 BDAYS AFTER S/R BSL MARKED
  "FREIGHT PAYABLE AS PER C/P" AND "CLEAN ON BOARD" INTO OWNERS NOMINATED BANK ACC IN USD CURRENCY
  BUT IAC BBB
  DATE OF C/P TO BE INSERTED ON THE FACE SIDE OF BSL
  AFTER LOADING IS COMPLETE, HOLDS TO BE SEALED BY SHIPPERS OR SURVEYORS FOR THEIR TIME/ACCOUNT
  AT LOAD PORT MASTER TO ISSUE SEALING CERTIFICATE, WHICH TO BE SIGNED BY MASTER AND SHIPPERS OR
  SURVEYORS
  IF THE SEALS PRESENTED TO RECEIVERS OR HIS REPRESENTATIVE OR CHARTERERS AGENT AT DISCHPORT PRIOR TO
  THE COMMENCEMENT OF DISCHARGING ARE FOUND INTACT AND IS CONFIRMED BY THE RELEVANT SEALS AND
  SIGNATURES, THEN MASTER/OWNERS ARE NOT RESPONSIBLE FOR POSSIBLE SHORTAGE CLAIMS, WHICH HAVE TO BE
  SETTLED BETWEEN CHARTERERS AND RECEIVERS DIRECTLY
- FREIGHT FULLY DEEMED EARNED UPON COMPLETION OF LOADING NON RETURNABLE / DISCOUNTLESS VESSEL AND OR
  CARGO LOST OR NOT LOST
- DEM USD 12000 PDPR/HD DEMS
- DEM AT LPORT IF ANY TO SETTLED TOGETHER WITH FREIGHT PAYMENT AGAINST MUTUALLY AGREED LAYTIME CALCULATION
  SUPPORTED BY ALL RELEVANT DOCS. T/S, NOR, SOF FAX COPIES ARE ACCEPTABLE IAC BBB.
  DEM AT DPORT TB PAID WI 7 BDAYS FM PRESENTATION MUTUAL AGREED LAYTIME CALCULATION SUPPORTED BY ALL RELEVANT DOCS:
  T/S, NOR, SOF, FAX COPIES ARE ACCEPTABLE
- IF LOAD PORT LAYTIME TO CEASE COUNTING UNTIL CARGO DOCUMENTS ON BOARD
- NOR ON DEMURRAGE ALWAYS ON DEMURRAGE
- ON ARRIVAL AT LOADPORT VSL WILL BE READY FOR LOADING A/C COQ
- RCVRS AGENTS BENDS / SUB OWS D/A APPROVAL
- GENCON 94 BSL TO BE MARKED "FREIGHT PAYABLE AS PER C/P" AND "COB"
- CASE BSL MARKED 'FRT PPD' ARE ISSUED IN LOADPORT AND SIGNED BY MASTER, THEN OWNRS TO INSTRUCT
  THEIR AGENT TO RELEASE BSL UPON OWNERS BANKERS RECEIPT DIRECTLY FROM CHRTRS BANKERS OF TLX CONFIRMING
  THAT FREIGHT HAS BEEN IRREVOCABLY REMITTED TO OWNERS BANK ACCOUNT.
- [illegible] TO BE TENDERED WITHIN L/C VIA CABLE/RADIO/VHF/TLX DURING OFFICE HOURS/ON WORKING DAYS, ONLY AFTER
  ARRIVAL AT PILOT STATION W/W/W/W AND ACCEPTED AS PER OKIN 8AM/2PM FORMULA
- [illegible] IS ACTUALLY USED BEFORE COMMENCEMENT OF LAYTIME NOT TO COUNT
- OWNERS TO GIVE ETA 72HRS SRS PRENOTICE AND 24 HRS TO CHARTERERS / AGENTS AT LOAD AND DISCH PORTS
- MASTER HAS THE RIGHT TO REJECT ANY DAMAGED CARGO THAT MAY CAUSE CLAUSING OF BS/L AND SAME TO BE REPLACED
  CLEAN CARGO, BUT IN ALL CASES PRIOR DOING SAME FIRST CLASS INDEPENDENT SURVEYOR TO BE APPOINTED BY CHARTERERS TO
  DETERMINE THE CONDITION OF THE CARGO, CHRTRS TO BE RESPONSIBLE FOR REPLACEMENT OF CARGO FOUND UNSOUND
- FUMIGATION CLAUSE
- FUMIGATION IF ANY FOR CHRTRS ACCNT INCL. TIME LOST.
- FUMIGATION WITH CREW ON BOARD ALLOWED.
- CHARTERERS ARE RESPONSIBLE FOR ENSURING THAT OFFICERS AND CREW AS WELL AS ALL OTHER PERSONS ONBOARD THE
  VESSEL DURING AND AFTER THE FUMIGATION ARE NOT EXPOSED TO ANY HEALTH HAZARDS WHATSOEVER. CHARTERERS
  UNDERTAKE TO PAY OWNERS ALL NECESSARY EXPENSES (SUCH AS HOTEL EXPENSES/ETC) INCURED BECAUSE OF FUMIGATION
  WITH CREW ON BOARD.
- DRAFT SURVEY AT CHRTS ACCOUNT/TIME BENDS
- VSL IS FREE FROM ANY EXNS
- [illegible] TAXES/DUES ON CARGO/FREIGHT TO BE FOR CHARTERERS ACC, SAME ON VESSEL/CREW/FLAG/OWNERSHIP FOR OWNERS ACC
- [illegible] IN LONDON AS PER YA RULES 74 WITH LATEST AMENDMENTS
- [illegible] ARBITRATION IN LONDON AS PER LMAA TERMS, ENGLISH LAW TO APPLY
- [illegible] OTHERWISE AMENDED AS PER MAIN TERMS CLEAN GENCON 94 WITH 2.5 PCT TTL COMM.

CHARTERERS                                                    OWNERS





EXHIBIT "2"

| 1. Agents | | | Voy: 0207 AZOV - POTI | |
|---|---|---|---|---|
| PORTAGENT LTD | | | 3. Port | |
| 2. Vessel's name | | | | |
| Sormovskiy-119 | | | AZOV | |
| 4. Owners/Disponent Owners | | | 5. Vessel berthed | |
| | | | 08.11.07 18:15 | |
| | | | 6. Loading commenced | 7. Loading completed |
| | | | 09.11.2007 1:45 | 13.11.2007 14:00 |
| 8. Cargo | | | 9. Discharging commenced | 10. Discharging completed |
| WHEAT IN BLK | | | | |
| | | | 11. Cargo documents on board | 12. Vessel sailed |
| 13. Charter Party | | | 14. Working hours/exact hours of the port | |
| 19.10.07 | | | | |
| 15. BL of Ladding weight/quantity | | 16. Outturn weight/quantity | | |
| 3 100.0000 MT | | | | |
| 17. Vessel arrived on roads | | | 18. Time to count from | |
| 07.11.07 13:09 | | | 09.11.07 14:00 | |
| 19. Notice tendered | | | 20. Rate of demurrage | 21. Rate of dispatch |
| 07.11.07 15:22 | | | USD 4200 PD PR | TD |
| 22. Next tide available | | | 23. Time to stop counting | |
| | | | 16.11.07 21:30 | |
| 24. Laytime allowed for loading | | | 25. Detention | |
| 1300 MT/WWD SSHEX EIU | | | | USD 20212.50 |

**LAYTIME COMPUTATION**

| Date | Day | Time worked | | Laytime used | | | Remarks |
|---|---|---|---|---|---|---|---|
| | | From | To | days | hours | mins | |
| 08.11.07 | THU | 19:30:00 | 22:15:00 | 0 | 2 | 45 | |
| 09.11.07 | THU | 23:00:00 | 24:00:00 | 0 | 1 | 0 | |
| 09.11.07 | FRI | 0:00:00 | 17:00:00 | 0 | 17 | 0 | |
| 12.11.07 | MON | 2:00:00 | 24:00:00 | 0 | 22 | 0 | VSSL ON DETENTION |
| 13.11.07 | TUE | 0:00:00 | 24:00:00 | 1 | 0 | 0 | |
| 14.11.07 | WED | 0:00:00 | 24:00:00 | 1 | 0 | 0 | |
| 15.11.07 | THU | 0:00:00 | 24:00:00 | 1 | 0 | 0 | |
| 16.11.07 | FRI | 0:00:00 | 21:30:00 | 0 | 21 | 30 | |

| TOTAL LAYTIME | | | | 0 | 20 | 45 | |
| TOTAL ON DETENTION | | | | 3 | 45 | 30 | |
| Laytime allowed | 2.3846 days | | Place and date | | | | |
| Laytime used | 0.8645 days | | | | | | |
| Laytime on detention | 4.8128 days | | | | | | |
| | | | Signature | | | | |
| DETENTION | USD 4200 X | 4.8128 = USD 20212.50 | | | | | |

EXHIBIT "3"



## TRYGGRONIA INVESTMENTS INC.

### 31, BANNATYNE GARDENS, CHRIST CHURCH, BARBADOS

### DEMURRAGE/DETENTION INVOICE, m/v "SORMOVSKIY 119"

To:   E&I EUROPEAN IMPORT-EXPORT LTD, UK

Dated      16-Nov-07                          m/v  "Sormovskiy 119"

| Re: | Voyage: Azov - Poti | | |
| Voyage #3 | | | |
| № | Description | | Amount |
|---|---|---|---|
| 1. Demurrage/Detention | Azov | $ | 2[ 212,50 |
| Less | | | |
| Commission: | 2,50% | $ | 505,31 |
| Total due: | | $ | 19 707,19 |

Please pay Nineteen Thousand Seven Hundred Seven US Dollars and 19 Cents to following bank account:

| | |
|---|---|
| Corresponding Bank | DRESDNER BANK AG, FRANKFURT AM MAIN, GERMANY |
| SWIFT Corr. Bank: | DRES DE FF |
| Correspondent account | 4990206704400400 |
| Beneficiary Bank: | BALTIC INTERNATIONAL BANK, RIGA, LATVIA |
| Beneficiary SWIFT | BLIB LV 22 |
| Beneficiary Account | LV74BLIB3200002733001 |
| Beneficiary Name | TRYGGRONIA INVESTMENTS INCORPORATION |

Manager

I.Avramenko